AF Approval ______ Chief Approval ______

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:15-cr-207-Orl-18DAB

JOSE MIGUEL SOSA

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, JOSE MIGUEL SOSA, and the attorney for the defendant, Jaya Balani, mutually agree as follows:

**A. Particularized Terms**

1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with Knowingly Using a Counterfeit Access Device, in violation of 18 U.S.C. § 1029(a)(1).

2. Maximum Penalties

Count One carries a maximum sentence of not more than 10 years' imprisonment, a fine of not more than $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals. With respect to certain

offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: The defendant knowingly used a counterfeit access device;

Second: The defendant knew the access device was counterfeit, and acted with the intent to defraud or deceive; and

Third: The defendant's conduct affected interstate or foreign commerce.

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two through Ten, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to the identified victims at the time of sentencing.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of

Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the

Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Use of Information - Section 1B1.8

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

11. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed,

the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment, representing the amount of proceeds obtained as a result of the offense charged in Count One. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal,

habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the amount of the proceeds of the offense(s) to which defendant is pleading guilty and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that

forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

**B. Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United

States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as

the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the "Factual Basis" below, which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Factual Basis

In April 2015, Detective Charles Moore, with the Orlando Police Department (OPD), contacted Special Agent Dana Chmiel, with the United States Secret Service, regarding an investigation that he was conducting involving the use of compromised credit cards that were used to fraudulently purchase diesel fuel and then refuel semi-trucks.

Detective Moore initiated this investigation in July 2014 after receiving a report from B.F., a resident of the Orlando area. B.F. reported that he previously traveled through the Orlando International Airport, and after returning home, he discovered a number of unauthorized transactions on his personal credit card. These unauthorized transactions were made at gas stations in the Orlando area for the purchase of diesel fuel.

In response to the fraud complaint, Detective Moore and other OPD officers conducted surveillance on gas stations in the Orlando area between July

2014 and April 2015, to identify subjects using counterfeit credit cards to purchase fuel.

On July 23, 2014, Detective Moore and other OPD officers observed a truck being fueled at a Wawa gas station, which was located at 4700 South Goldenrod Road, Orlando, Florida. Detective Moore observed SOSA, who he later identified, placing the fueling hose from the pump into the bed of the truck. SOSA appeared to be pumping diesel fuel into a hidden fuel cell/bladder that was located underneath the partially lifted fiberglass truck bed cover. When SOSA left the Wawa gas station, OPD officers met with the store manager, T.A., who provided a receipt for the transaction. The receipt showed that SOSA used a Visa credit card ending in 0493 to buy $125 in diesel fuel.

Detective Moore subsequently contacted A.H., a Financial Crimes Investigator with Wells Fargo Bank. A.H. confirmed that VISA credit card ending in 0493 was not issued to SOSA and was in fact compromised. A.H. stated the total amount of loss to the Wells Fargo for the unauthorized purchases on this account was $125.

On the same day, Detective Moore and officers from OPD watched SOSA travel to a RaceTrac gas station, which is located at 5405 South Semoran Boulevard, Orlando, Florida. Again, OPD officers observed SOSA pumping diesel fuel into a hidden fuel cell/bladder underneath the partially lifted fiberglass truck bed. When SOSA departed the RaceTrac gas station, Detective Moore

recovered the receipt for the transaction, which showed that SOSA used a Visa credit card ending in 1143 to purchase $35.07 of diesel fuel.

Detective Moore subsequently contacted T.T., Asset Protection Manager for RaceTrac Petroleum Incorporated, and recovered the surveillance video. T.T. provided documents showing that SOSA made an additional charge on the Visa credit card ending in 1143 for $75 at the same RaceTrac gas station. Detective Moore contacted A.H. again, and A.H. confirmed the VISA credit card ending in 1143 was not issued to SOSA and was in fact compromised. A.H. stated that the total amount of loss to the Wells Fargo for the unauthorized purchases on this account was $110.07.

Continuing on July 23, 2014, Detective Moore and officers from OPD watched SOSA travel to a tractor trailer parking/industrial lot area located at 7525 Narcossee Road, Orlando, Florida. This lot had a white banner sign with black letters attached to the front fence, which read "Valenzuela Tire Services, Inc." OPD officers observed SOSA in the lot remove a hose from the bed of the maroon Ford truck and begin fueling a total of three different semi-trucks. Each of the semi-trucks had the name "J&P Trucking Services Inc., Winter Park, FL" on the doors.

On August 05, 2014, OPD officers observed SOSA at a Wawa gas station, located at 11750 University Boulevard, Orlando, Florida. OPD officers watched SOSA pump diesel fuel into the bed of a truck. Detective Moore subsequently recovered the receipt for the transaction, and it showed that SOSA

used a Discover credit card ending in 4792 to purchase diesel fuel at the Wawa gas station. OPD detectives subsequently contacted E.W., a Security Support Analyst for Discover Card. E.W. confirmed that the Discover credit card ending in 4792 was not issued to SOSA and was in fact compromised. E.W. stated the total amount of loss to Discover Card for the unauthorized purchases on this account was $643.72.

Continuing on August 05, 2014, after fueling his truck, OPD officers watched SOSA travel to Valenzuela Tire Services, Inc. in Orlando, Florida. There, Detective Moore observed SOSA transferring fuel from the bed of his truck into a frontend loader. OPD Officers later determined that this frontend loader was owned and operated by another individual.

On August 29, 2014, OPD conducted surveillance of SOSA at a Wawa located in Seminole County. There, SOSA used VISA credit card ending in 9402 to purchase $125 of diesel fuel and a MasterCard credit card ending in 1633 to buy $106.68 of diesel fuel. On the same date, SOSA went to Home Depot in Seminole County where he used a Visa credit card ending in 9402 to buy a pool pump and steel flat bar for $427.28 The respective banks later confirmed that these credit card numbers were fraudulently used by SOSA.

On January 14, 2015, OPD officers conducted surveillance of SOSA's residence in Winter Park, Florida. OPD Officers observed SOSA leave his residence in his truck and travel to two different gas stations in the Orlando area where he purchased diesel fuel. After SOSA left each gas station, OPD

officers recovered the receipts for the transactions. The receipts showed that SOSA used a VISA credit card ending in 0131 to purchase $125 at a Wawa gas station and $99 at a RaceTrac gas station. Detective Moore subsequently contacted J.G., a Fraud Investigator for Capital One Bank, and confirmed that VISA credit card ending in 0131 was later closed due to fraudulent charges.

On April 23, 2015, OPD officers conducted surveillance of SOSA's residence in Winter Park, Florida. OPD Officers observed SOSA leave his residence in his truck and followed SOSA to the Wawa gas station located at 7305 Curry Ford Road, Orlando, Florida. There, OPD officers observed SOSA make two separate diesel fuel purchases totaling $141.27, utilizing MasterCard ending in 8163, which was a "Fleet" card. OPD confirmed this was an unauthorized use of this card as well.

Discover, VISA, and MasterCard were, among other things, credit card companies the activities of which affected interstate and foreign commerce.

There was a loss of at least $1,903.02 associated with the fraudulent credit card transactions made by SOSA.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 17th day of November, 2015.

A. LEE BENTLEY, III
United States Attorney

JOSE MIGUEL SOSA
Defendant

James D. Mandolfo
Assistant United States Attorney

Jaya Balani
Attorney for Defendant

Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division